IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RANDALL MARTIN, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>POSTMASTER GENERAL,<br><br>    Defendant. | Civil Action No.:  PWG-20-1726 |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiff Randall Martin, Jr.'s request for relief related to his legal mail at Roxbury Correctional Institution ("RCI").  For the reasons discussed below, Plaintiff's in forma pauperis motion is granted, but his complaint is dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(g).

**Background**

On June 10, 2020, Plaintiff filed a complaint in this case concerning allegations that he was not permitted to send legal mail out of RCI.  ECF No. 1 at 2.  Plaintiff stated he sent a Freedom of Information Act ("FOIA") request to the Postmaster General requesting the policy under the United States Postal Service ("USPS") regarding "mailing and fees for certified mail."  *Id.*  As relief, Plaintiff sought a declaratory judgment stating that "the acts and omissions described" violate his constitutional rights; an injunction that requires the USPS and RCI to cease prohibiting inmates from sending out certified mail; and compensatory and punitive damages.  *Id.* at 3.  Plaintiff neither paid the $400 filing fee, nor filed a motion seeking its waiver.

On June 30, 2020, this Court issued an Order observing that the complaint as presented sought relief that is unavailable under the Freedom of Information Act and did not state a constitutional claim for purposes of a § 1983 complaint against the Postmaster General, the sole defendant named.  ECF No. 3.  The Court provided Plaintiff 28 days to supplement his complaint and to pay the filing fee or file a motion to proceed in forma pauperis.  *Id.*

On August 6, 2020, Plaintiff filed a supplemental complaint and a motion to proceed in forma pauperis in response to this Court's June 30, 2020 Order directing him to do so.  ECF Nos. 4 and 5.

Plaintiff's supplemental complaint simply reiterates the claims raised in his original complaint and sets out arguments regarding what constitutes "State action."  ECF No. 4-1.  In his "Statement of Facts" Plaintiff explains that he filed a "Motion for Order of Default" in the Circuit Court for Baltimore City in a case pending in that court.  *Id*. at 2-3.  Plaintiff indicates the Circuit Court case number is 24-C-19-2368.  *Id*.  Review of the electronic docket for that case reveals that Plaintiff's motion for default was denied on four separate occasions and the case was ultimately dismissed without prejudice for lack of jurisdiction.  *See Martin v. Office of the State's Attorney for Baltimore City*, Case No. 24-C-19-2368 (Cir. Ct. Balt. City 2019).[1]

Plaintiff includes with his complaint a note he received from the mail room at RCI, where he is incarcerated, indicating that "per the USPS – outgoing certified mail from here must have return receipt."  ECF No. 4-3 at 1.  Plaintiff seemingly blames this "policy" of the USPS for his inability to demonstrate that he was entitled to a default judgment on the civil action filed in the Circuit Court for Baltimore City.  *Id*.  He also takes issue with the lack of response from the

---

[1] http://casesearch.courts.state.md.us/casesearch/.

Hagerstown postal office[2] to his FOIA request for "their policy and information that pertains to the mailing of 'CERTIFIED MAIL.'" ECF No. 4-1 at 3 (emphasis in original).  In Plaintiff's view, he is denied his right to send certified mail in violation of his Eighth and Fourteenth Amendment rights.  *Id*. at 2.  He further asserts that the USPS and RCI have engaged in unconstitutional conduct by mandating "that a population of inmates be forced to send mail out of the institution 'certified sign receipt', when the general (public) population are afforded sending letters 'certified mail.'"  *Id*. at 4.  Plaintiff characterizes this requirement as an "act of prejudice" that "effects [his] due process while litigating legal matters in the lower court in an attempt to have his case over-turned." *Id*.  As relief, Plaintiff again seeks declaratory judgment stating that "the acts and omissions described" violate his constitutional rights; an injunction that requires the USPS and RCI to cease prohibiting inmates from sending out certified mail; and compensatory and punitive damages; he adds a request for summary judgment in his favor. *Id*. at 5.

## Discussion

Because Plaintiff appears to be indigent, his motion to proceed in forma pauperis, ECF No. 5, shall be granted.

As to the complaint and supplement, under the provisions of 28 U.S.C. § 1915(e)(2), a case filed by a prisoner shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  The complaint, as supplemented, must be dismissed under this

---

[2] The United States Postal Service website provides that FOIA Requests for Postal Service records controlled by area offices, district offices, Post Offices, or other field operations facilities must be sent to: USPS FOIA Requester Service Center-Field, St. Louis General Law Service Center, 1720 Market Street, Room 2400, St. Louis, MO. 63155-9948.

provision because it fails to state a claim on which relief may be granted and seeks monetary relief against a defendant, the USPS, that is immune from such relief.

As previously noted, monetary damages are not available under FOIA. *Moore v. U.S*. No. WDQ-13-2353, 2014 WL 2575765 (June 6, 2014) at *3 (citing *Smith v. Commc'ns Works of Am*. AW-12-0027, 2012 WL 6727150, at *4 (D. Md. Dec. 26, 2012) *aff'd sub nom. Smith v. E.E.O.C*., 517 F. App'x 159 (4th Cir. 2013) (citing § 552(a) (4)(B))); *see also Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citations omitted).

Further, the USPS is immune from suit for the loss, miscarriage, or negligent transmission of letters or postal matter. *See* 28 U.S.C. §2680(b) (postal matter exception to Federal Tort Claims Act), *see also Jones v. National Communication and Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) (no suit is available against the USPS for negligent carrying of mail). Thus, to the extent Plaintiff asserts his motion for default was denied due to the negligence of the USPS his claim must fail.

Additionally, Plaintiff's constitutional claims are without merit. While prisoners have a constitutional right of access to courts, that right is not without limits. The Supreme Court explained that:

> *Bounds*[*v. Smith*, 430 U.S. 817, 821 (1977)] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). Plaintiff must establish that his underlying claim was "nonfrivolous" or "arguable." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that

the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote omitted). A prisoner's right to access the courts does not include the right to present frivolous claims. *Lewis v. Casey*, 518 U.S. at 353 n.3. Here, Plaintiff was denied a default judgment because he failed to establish he had served his complaint on the Defendant. Shortly thereafter, the opposing party filed a motion to dismiss the action for lack of jurisdiction which was granted. Plaintiff has provided no allegation that the underlying action was "non frivolous" or "arguable," only that he disagreed with the court's denial of his motion for default judgment. The denial of default judgment does not constitute a deprivation of Plaintiff's constitutional right of access to courts.

Further, Plaintiff's assertion that a policy requiring inmates at RCI to provide a return receipt with their certified mail amounts to a deprivation of other constitutional rights because the general public is not required to comply with such a policy is a frivolous claim. Neither the Fourteenth nor the Eighth Amendment operate to guarantee prisoners the same services from the postal service as is provided to the general public. Requiring a "return receipt" for certified mail is not punishment, nor is it cruel and unusual. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) *see e.g.*, *Fruit v. Norris*, 905 F.2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear and ignoring other dangers to personal safety when working inside a raw sewage-well established prima facie Eighth Amendment violation). The requirement also does not infringe upon a protected liberty interest. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (quotation omitted). Prisoners have a liberty interest in avoiding confinement conditions

that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539); *Wilkinson v. Austin*, 545 U.S. 209, 210 (2005). The focus therefore is on the conditions experienced by general population inmates, not the general population at large. *See Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015) ("general population is the baseline for atypicality").

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious, or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). More recently, the Supreme Court held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1724 (2020). Because this complaint is dismissed for failure to state a claim and as frivolous, the dismissal constitutes a strike. Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted in forma pauperis status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

## Conclusion

Plaintiff's claims against the Postmaster General are frivolous and fail to state a claim. Plaintiff already has been given the opportunity to supplement his complaint and has done so.

Therefore it is dismissed under 28 U.S.C. § 1915(e) and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 27th day of August, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 5) IS GRANTED;

2. The complaint IS DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e) without requiring service on Defendant;

3. Plaintiff IS FOREWARNED that after a third dismissal under 28 U.S.C. §1915(e), he will not be permitted to file a civil action or proceeding unless he pays the full filing fee or proves he is under imminent danger of serious physical injury;

4. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum and copy of this Order to Plaintiff; and

5. The Clerk SHALL CLOSE this case.

        /S/
Paul W. Grimm
United States District Judge